**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case Number:_____-CIV-_____

**RAYMOND T. MAHLBERG,**

      **Plaintiff,**

**v.**

**MELIA HOTELS ORLANDO, LLC.,**

      **Defendant.**

_____/

**COMPLAINT FOR PERMANENT INJUCTIVE RELIEF**

      **COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

      1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

      2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Defendant's website https://www.melia.com/en/hotels/united-states/orlando/melia-orlando-celebration/index.htm the Florida website (the "Website") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in MELIA HOTELS ORLANDO LLC ("Defendant" or "MELIA") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendants) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that Defendant is legally responsible in some manner for the events and happenings alleged herein and that Defendant sued here proximately caused injuries and damages to Plaintiff as set forth below.

5. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, build, maintain, and operate its https://www.melia.com and https://www.melia.com/en/hotels/united-states/orlando/melia-orlando-celebration/index.htm to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to the hotel and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's website is a point of sale for the Defendant physical hotel. The Defendant's Website allows to make online reservation of hotel rooms.

7. The Defendant owns and operates the Website for desktop and mobile application for e-commerce and a hotel that are located in Florida.

8. Because Defendant is a hotel open to the public, each of Defendant's physical hotel is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(A), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

11. Economy and society become increasingly digitized. Plaintiff cannot use his computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

12. Defendant's Website is built in digital code that impedes screen-reader software to work. A few lines of code could make the Defendant's website compatible with the popular blind's screen-readers software and grant access to Defendant's hotel to all blind individuals, including Plaintiff. People with disabilities deserve to have an equal opportunity to access the services, goods and programs provided by businesses, including when offered or communicated through websites. See https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used more than 400 websites.

14. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

15. One of the functions of the Defendant's Website is to provide the public information on the locations and services provided by Defendant's hotel. Defendant allow guests to make a hotel room reservation through its Website, which acts as a point of sale for Defendant's business and physical hotels.

16. This case arises out of the fact that Defendant MELIA HOTELS ORLANDO LLC has operated its business in a manner and way that effectively excluding Plaintiff who are visually impaired from access to Defendant physical hotel and online hotel reservation (the Website). Because the Website, a digital reservation platform connects individuals to make a room reservation on the Website 24/7. The Website has a nexus to, and is an extension of and gateway to the Defendant's physical hotel, which are places of public accommodation pursuant to the ADA, 42 U.S.C. §12181(7)(A).

17. Even if the Website is not itself a place of public accommodation the Defendant's physical hotel are a place of public accommodation under 42 U.S.C. §12181(7)(A), and must comply with all requirements of the ADA. The Website is an extension and a necessary service, privilege, and advantage of the Defendant's physical hotel. Defendant must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and the hotel.

18. As a result of Plaintiff being legally blind, before he embarks on any venture from his home, Plaintiff studies the location where Plaintiff is seeking to patronize through using the internet. Plaintiff has made innumerous attempts to access Defendant's physical hotel and Website in the past, but Plaintiff could not make a room reservation or be informed about guest room accessibility thru the Website because the Website is incompatible with screen-reader.

19. Plaintiff intends to continue to access the Defendant's physical hotel and make a room reservation thru the Website. Plaintiff was informed that there is one of the Defendant's hotels located at 225 Celebration Place, Orlando.

20. Plaintiff is and has been a customer who is interested in patronizing and intends to patronize in the near future Defendant's hotel once the Website's access barriers are removed or remedied. The barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of services offered at Defendant's hotel.

21. In the alternative, Plaintiff intends to monitor the Website in the near future, as a tester, to ascertain whether the Website has been updated and remedied to work properly with screen-readers.

22. Before Plaintiff visited Defendant's hotel, Plaintiff needs to make an online reservation online and check for room accessibility, these are important accommodations for Plaintiff, because as a visually disabled individual Plaintiff plans his outings in advance.

23. Plaintiff is impeded to access and communicate with Defendant effectively, unable to take advantage and use the Website, create an account and make a room reservation, and review hotel room accessibility.

24. The privilege to navigate the Website from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of his home as a visually

disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

25. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to Melia Orlando Hotel's physical hotel and online reservation system (the Website).

## JURISDICTION AND VENUE

26. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

27. Defendant has a Hotel in Orlando, Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

28. Venue is proper pursuant to 28 U.S.C. §1391, in the Middle District of Florida where Plaintiff and defendant resides and a substantial part of the events giving rise to the claims occurred. Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

29 Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is a MELIA HOTELS in Orlando, Florida.

30. Plaintiff is a resident of Orlando, FL 32817.  is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

31. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent

discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

32. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Middle District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Middle District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website and Hotel. Defendant MELIA HOTELS ORLANDO LLC is a foreign company authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## THE PARTIES

33. Plaintiff Mahlberg, is a resident of the State of Florida. Plaintiff resides in Orlando. Mahlberg is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind.  Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, Mahlberg has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

34. Plaintiff cannot use the computer without the assistance of a screen reader software. Mahlberg is a proficient user of the JAWS and NVDA screen-reader to access the internet." JAWS, or "Job Access With Speech," Voiceover (Apple's screen reader) or NVDA (Windows's screen reader) are the most popular screen reading software for computers and mobile phones. For screen-reading software to work, the information on a website must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects it.

35. MELIA HOTELS ORLANDO LLC is a Foreign Profit Corporation. Defendant is the owner and operator of a chain of hotels under the brand name MELIA.

36. Upon information and belief, at all times material hereto, Defendant MELIA HOTELS ORLANDO LLC owns, operates, and/or manages the day-to-day affairs of MELIA Celebration in Orlando which is operating within the State of Florida. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A).

37. Plaintiff believes, and thereon alleges, that defendant MELIA HOTELS ORLANDO LLC and affiliates and/or related entities, actively engaged in the rental of hotel rooms in Florida.

38. Said Defendant entities will hereinafter collectively be referred to as "MELIA" or, where appropriate, "Defendant."

## **FACTS**

39. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] (A) an inn, hotel, motel, or other place of lodging" 42 U.S.C. §12181(7)(A) and 28 C.F.R. §36.104(5).

40. Each of Defendant MELIA HOTELS ORLANDO is open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as " a hotel ," as defined by 42 U.S.C. §12181(7)(A); §12182, and 28 C.F.R. Part 36.

41. MELIA offers hotel rooms for short-term rental to the general public.

42. Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates his web pages, including image and data content. Defendant owns and operate the domain name https://www.melia.com that is configured for use by laptop computer and mobile devices such as smartphones.

43. One of the functions of Defendant's Website (available to browse in mobile or computer version) is to provide the digital online reservation system for the Defendant's hotel locations.

44. Defendant's Website is offered by Defendant as a way for the public to communicate with MELIA. Defendant's Website, also allows the public to register an account and reserve a room, receive discounts and locate the hotels.

45. Blind Plaintiff needs to plan his outgoings since at the physical hotel it is difficult to know the room rate and room accessibility features, hotel architectural accessibility. Like innumerous customers, Plaintiff rather to accesses Defendant's Website for reservations. Plaintiff has a concrete plan of visiting the hotel because Plaintiff travels to South Beach in a regular basis.

46. Plaintiff is a customer of MELIA HOTELS since his intent to visit Melia Hotel in Orlando after Plaintiff has the ability make a reservation.

47.  During the month of May 2022, on several occasions, Plaintiff was denied access to Defendant's website, because the Website was incompatible to the screen-reader software. Plaintiff explains that the Website contains the following access barriers that prevents him from free and full use of screen reader software. Plaintiff encountered these barriers that are persistent and include, but are not limited to:

a. Lack of text alternatives ("alt text") on images. Images missing alt attribute. The images on the landing page (it announces "link"), Rooms-Rates and Gallery have no id description readable for screen reader. Image elements must have an accessible name. Each `a` element must contain text or an `img` with an `alt` attribute. The issue is recorded at https://youtu.be/4hUzHZsLRHc.

b. Check in calendar box, should work with keyboard keys, arrows, to select a date, but the website cannot be navigated by keyboard only. Plaintiff was unable to make a reservation. Clickable controls should be keyboard accessible. Plaintiff using Jaws or Voiceover is unable to use a mouse, so use the keyboard instead. The Website must add an equivalent keyboard event handler. Check at https://youtu.be/jxZL4CR1tg4.

c.  Text and background colors does not have enough contrast. Poor color contrast.

d. a reservation phone number on the top of the page is never announced. The issue is recorded at https://youtu.be/4hUzHZsLRHc.

e. If the dates are selected a page with the rooms appears. But the price is not announced, the description of the room, the discount are all inaccessible with screen reader. The Website

announces "choose" multiple times. Plaintiff was unable to place a reservation. Check https://youtu.be/cyHtpxOS6K4.

f. Field form in the registration form**.** Labels that screen readers can convey to their users when there is an error when filling up the form; it is missing to announce the Error indicators.

g. The address is not announced ('blank'), the map is also inaccessible, because does not voice the address or directions (voices " zoom in"," zoom out").

h. Plaintiff searched in the room page and other pages for ADA rooms but they do not show up in the results page. Plaintiff was unable to access the hotel and rooms accessibility features and amenities. Are service animals welcome? Does the room have TTY or TDD phone? Does this hotel provide for Architectural Accessibility? Check this issue at https://youtu.be/7felApzOiZo.

48. Due to these barrier Plaintiff was unable and impeded to access: Plaintiff was unable to learn (1) Defendant's hotel location; (2) type of rooms available; (3) ADA handicap room accessibility and hotel design accessibility; (4) get the exclusive online deals; (5) register online to make a reservation. Thus, Defendant's Website creates an intangible barrier that prevents Mahlberg from "'accessing a privilege' of a physical place of public accommodation, where Plaintiff cannot make a reservation for the Defendant's hotel for an accessible room.

49. Plaintiff attempted to locate an "accessibility" notice, statement, or policy on the Website that would direct him to a webpage with contact information for disabled individuals who have questions or concerns about, or who are having difficulties communicating with, the Website. However, Plaintiff was unable to do so because no such link or notice, statement, or policy existed on the Website.

50. During Plaintiff's several visits to the website using JAWS and NVDA (computer) and Voiceover (cell-phone browsing) occurring in April 13, 2022 and the last in June

10, 2022, attempted to visit the physical hotel by checking the Website first, however the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the Defendant's facilities, goods, and services.

## AMERICAN WITH DISABILITIES ACT

51.   Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

52. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "hotel" Id. § 12181(7)(A). Defendant MELIA HOTELS ORLANDO LLC owns and operates hotels, like the MELIA Celebration hotel.

53. *On March 18, 2022,* The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public (entities covered by ADA Title III) must make sure their websites are accessible to people with disabilities in line with the ADA's requirements.[2] (Exhibit A).

---

2. "We have heard the calls from the public on the need for more guidance on web accessibility, particularly as our economy and society become increasingly digitized," said Assistant Attorney General Kristen Clarke for the Justice Department's Civil Rights Division. ".*See* *https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.* The guidance discusses the importance of making websites accessible for people with disabilities, and how to make web content accessible applying the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility. *Id*.

54. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

55.  Technology evolves, in these days, for consumers and business. Defendant's provision of a digital reservation platform the "Website", which is the main point of sale, for Defendant's business. The Website is an intangible, but essential part of the Defendant's services and privileges offered by the Defendant's hotels to their customers to access Defendant's services.

56. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

57. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

58. Plaintiff would like to become Defendant's patron and access the Defendant's hotel and the Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical hotel.

59. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing MELIA HOTELS ORLANDO's hotel and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in a manner equal to that

afforded to others who are not similarly disabled. As a result, Plaintiff has suffered particularized harm and an injury in fact.

60. Plaintiff cannot make proper arrangements for transportation of himself to the MELIA without the ability to know in advance that he has a reservation to the MELIA, which is available to guests at the Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to Defendant MELIA. Plaintiff is effectively denied the ability to physically travel to Defendant MELIA.

61. Plaintiff has a concrete plan to visit the MELIA when he is treated like other members of the public. By denying Plaintiff the opportunity to comprehend MELIA's Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

62. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

63. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

64. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its hotels.

65. All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303*.

66. Binding case law increasingly recognize that business that are providing goods and services to the public through their online point of sale which operates as "Places of Public

Accommodation" under Title III, must take steps to provide appropriate communication aids and services (often called "auxiliary aids and services") where necessary to make sure they effectively communicate with individuals with disabilities. *Id*.

67. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's Website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

68. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

69. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

70. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

71. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant MELIA HOTELS ORLANDO LLC.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

72. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

73.  Defendant's Website has not been designed to interface with the widely and readily available technologies for blinds that can be used to ensure effective communication.

74. As delineated above and pursuant to 42 U.S.C. §12181(7)(A), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://www.melia.com/en/hotels/united-states/orlando/melia-orlando-celebration/index.htm Website which is defined within §12181(7)(A), and is subject to the ADA.

75.  No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

76.  Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

77.  Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

78.  Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

79.  As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

80.  Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a)  Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.melia.com/en/hotels/united-states/orlando/melia-orlando-celebration/index.htm website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made.  Title III American with Disabilities Act Part 36 Regulation.

b)  Require Defendant to provide periodic maintenance of the accessible website thru the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating MELIA HOTELS ORLANDO LLC and becoming informed of and signing up for MELIA Hotel online reservations, and of viewing electronic documents provided to the public within Defendant's Website.

c)  During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they

are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

81. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## <u>DEMAND FOR RELIEF</u>

**WHEREFORE**, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant MELIA HOTELS ORLANDO, LLC. and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendant's websites **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant to continually update and maintain their computer version of the defendant's websites to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

e. Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

f. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 27th day of June 2022.

*/s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th of June 2022 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.